Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Keith Edward Mull, Appellee.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Walter P. Sadulski, Appellee.

Submitted on briefs April 6, 1981, to Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Ward T. Williams*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for appellant.

OPINION BY JUDGE BLATT, September 11, 1981:

Before us are two companion cases in which the Court of Common Pleas of Westmoreland County sustained objections to the introduction of documentary evidence by the Pennsylvania Department of Transportation (Department). Although these cases were never formally consolidated, they were both scheduled for argument before us on the same day, were then submitted on briefs, and, inasmuch as they involve identical factual and legal considerations, we will discuss them jointly in this opinion.

The Department suspended the motor vehicle operating privileges of the appellees, Walter P. Sadulski and Keith E. Mull, for three and six months respectively. Upon their appeals and in trials de novo before the court below held on August 24, 1979, the Department offered into evidence certain documents which had been certified by the Director of the Bureau of Traffic Safety and by the Secretary of Transportation, and the appellees objected to the admission of

those documents on hearsay grounds because the certification sheets referred to Section 6341 of the Vehicle Code, Act of June. 17, 1976, P.L. 162, *as amended,* 75 P.C.S. §6341, which had been repealed by Section 13 (24) of the Act of April 28, 1978, P.L. 202. The lower court sustained the objections on the ground that the repeal of Section 6341 of the Vehicle Code left the Department with no statutory authority for excepting its proffered documents from the hearsay rule and, inasmuch as no other evidence was offered, the suspensions of the appellees' operators' licenses were overturned.

The Department asserts here that the repeal of Section 6341 of the Vehicle Code did not affect the admissibility of the documents concerned in these cases because that section was replaced by Sections 6103 and 6104 of the Judicial Code, 42 Pa. C. S. §§6103 and 6104, which became effective on June 27, 1978 (which was well before the date of the hearings below) and which permit the introduction into evidence of official Commonwealth records upon attestation by the official with legal custody thereof and upon certification that such official actually has such custody.

The certifications presented by the Department fulfilled the requirements of 42 Pa. C. S. §6103 and we believe that the lower court erred, therefore, in holding that no statutory authority existed for admitting the Department's evidence as an exception to the hearsay rule.[1]

We will reverse and remand these cases to the court below and direct that it proceed in accordance with this opinion.

[1] We must note, of course, that the Department's use of a standard form which referred to a repealed section of the Vehicle Code was obviously misleading to the court below and, at the very least, the Department's attorney should have been sufficiently prepared at trial to direct the court to the proper statutory authority.

## Order

And Now, this 11th day of September, 1981, the order in the case above-captioned No. 1925 C.D. 1979 is hereby reversed and remanded to the Court of Common Pleas of Westmoreland County for proceedings in conformity with this opinion.

## Order

And Now, this 11th day of September, 1981, the order in the case above-captioned No. 1927 C.D. 1979 is hereby reversed and remanded to the Court of Common Pleas of Westmoreland County for proceedings in conformity with this opinion.