Kevin L. COTTER, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 24, 1997.

Decided Jan. 2, 1998.

Shawn M. Stevenson, Pittsburgh, for appellant.

Barbara A. Darkes, Asst. Counsel, Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellee.

Before COLINS, President Judge, LEADBETTER, J., and JIULIANTE, Senior Judge.

COLINS, President Judge.

Before this Court is the appeal of Kevin L. Cotter (Cotter) from the decision of the Court of Common Pleas of Allegheny County (trial court) dismissing his appeal of a decision of the Department of Transportation (DOT), which suspended his operating privilege for six months as the result of two violations of 75 Pa.C.S. § 1501.[1]

Cotter received notice on October 8, 1996, that DOT had suspended his operating privilege for six months due to his two violations of 75 Pa.C.S. § 1501. Cotter appealed his suspension to the Court of Common Pleas of Allegheny County, and a hearing was held on January 9, 1997. At the hearing, DOT sought to introduce into evidence two sets of

1. 75 Pa.C.S. § 1501, entitled "Drivers required to be licensed," states in pertinent part, "[n]o person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter."

documents that would establish both of Cotter's violations. DOT introduced without objection the first set of documents, which included a copy of a conviction detail establishing Cotter's first conviction. DOT then attempted to introduce the second set of documents, which included a copy of a conviction detail establishing Cotter's second conviction. Cotter's attorney objected to the introduction of the second set of documents as not being properly certified.

DOT conceded that the certification attached to the second set of documents, although signed and sealed, was blank and had nothing attached to it when DOT forwarded it to its Pittsburgh Office of Chief Counsel. DOT also concedes that an attorney in the Office of Chief Counsel typed up the certification and then attached a copy of the conviction detail establishing Cotter's second conviction, which detail had been generated by a computer in the Office of Chief Counsel.

DOT argued that this was sufficient to satisfy the requirements established by Section 6103 of the Judicial Code.[2] The trial court ultimately agreed and allowed both sets of documents into evidence. With both sets of documents in evidence, DOT established Cotter's multiple convictions of having violated 75 Pa.C.S. § 1501, and the trial court dismissed Cotter's appeal.

■ Our scope of review in an appeal of a license suspension is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 552, 626 A.2d 138, 140 (1993). Cotter's sole argument on appeal is that the trial court committed an error of law by allowing the second set of documents into evidence because they were not properly certified. Since we agree that DOT's actions were insufficient to satisfy the requirements of Section 6103 of the Judicial Code, 42 Pa.C.S. § 6103, we must reverse the trial court's decision.

■ In a license suspension case, DOT has the burden of establishing that the licensee was actually convicted of the purported violation and that DOT acted in accordance with applicable law. *Tarnopolski*, 533 Pa. at 552, 626 A.2d at 140. An integral part of satisfying this burden is producing an official record of the conviction to support the suspension. *Id.* What constitutes an official record sufficient to establish the fact of actual conviction is governed by Section 6103 of the Judicial Code, 42 Pa.C.S. § 6103. Section 6103 states:

(a) **General rule.**—An official record kept within this Commonwealth by ... [a] government unit ..., when admissible for any purpose, may be evidenced by ... a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody.

A plain reading of this statute highlights two aspects of the certification requirement for official public records kept by Commonwealth agencies. First, the agency officer having legal custody of the public record or his deputy must attest to the official copy. Second, a certificate verifying that the officer has custody of the original must accompany the attested copy. *See Department of Transportation, Bureau of Traffic Safety v. Mull*, 61 Pa.Cmwlth. 558, 434 A.2d 871, 872 (1981) (stating that Section 6103 "permit[s] the introduction into evidence of official Commonwealth records upon attestation by the official with legal custody thereof and upon certification that such official has such custody"); *cf. Rhoads v. Commonwealth*, 153 Pa. Cmwlth. 155, 620 A.2d 659 (1993) (discussing the proper procedures for validating out-of-state records pursuant to a statute analogous to Section 6103).

■ In the present case, DOT has failed to adhere to both of these directives. The officer who has legal custody of the public records of Cotter's conviction is the Director of the Bureau of Driver Licensing (Director). To satisfy 42 Pa.C.S. § 6103, the Director or her deputy must attest that the copy of the record is official. We fail to see how this was accomplished since no copy of the record was

2. Act of July 9, 1976, *as amended*, 42 Pa.C.S.   § 6103.

even produced by the Director or her deputy, let alone attested to as official. Furthermore, the statute requires that the certification of custody accompany the official copy of the record, which, in this case, it did not. DOT merely sent a blank certification without any indication of what official records were in the Director's custody. In sum, Section 6103 presumes that the officer having legal custody of the records or the deputies to whom she specifically delegates her duties as custodian will generate and attest to a copy of the record and complete a certification that the Director has custody of the original. Simply mailing a blank certification, with nothing more, does not satisfy the requirements of Section 6103.

DOT contends that it was proper for its attorney to act as the Director's deputy by generating a computer printout of Cotter's conviction detail and by completing the signed and sealed certification. If we were to accept this argument we would render Section 6103 a virtual nullity and would undermine accepted evidentiary principles. The rationale for admitting public records into evidence as exceptions to the hearsay rule is similar to the rationale for admitting other business records. Leonard Packel & Anne Bowen Poulin, Pennsylvania Evidence § 901.7 (1987). "Because of the legal duties imposed on the makers and custodians of records, such records are likely to be authentic. In addition, it would be unduly burdensome to require public officials to appear in court when there will only rarely be a legitimate question as the authenticity of records." *Id.; See also Commonwealth v. Boring,* 257 Pa. Superior Ct. 403, 406–07, 390 A.2d 1299, 1301 (1978) (discussing differences between official public records and business records, and stating that "[p]ublic and official records,

... are different because the custodian of the record involved labors under an official duty, which gives a high probability of accuracy"). DOT's attorneys are not charged with the same legal duty to make and keep accurate public records as are the Director or the deputies to whom she specifically delegates her duties as custodian. To permit attorneys to generate and certify their own official records of conviction details would invite a slippery slope of diminishing authenticity into public records. Furthermore, we find it hard to believe that the legislature intended to permit DOT's attorney to prepare his own certifications when it included the language "or by his deputy" in Section 6103.

Since allowing DOT's attorney to generate and certify public records would contravene the plain meaning and purpose of 42 Pa.C.S. § 6103, we find that the trial court erred in admitting into evidence the conviction detail of Cotter's second conviction. Accordingly, since DOT has not properly established Cotter's second conviction, the trial court's decision is reversed, and Cotter's appeal of the six-month suspension of his operating privilege is sustained.

### ORDER

AND NOW, this 2nd day of January 1998, the order of the trial court's decision is reversed, and Cotter's appeal of the six-month suspension of his driving privilege is sustained.