Troy R. **THORNE**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,** Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 1998.

Decided April 6, 1999.

Barbara A. Darkes, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered for appellee.

Before COLINS, President Judge, and DOYLE, J., SMITH, J., FRIEDMAN, J., KELLEY, J., FLAHERTY, J., and LEADBETTER, J.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Allegheny County that sustained the appeal of Troy R. Thorne (Licensee) from DOT's suspension of his driver's license pursuant to Section 1539 of the Vehicle Code, 75 Pa.C.S. § 1539, for his accumulating 13 points on his driving record. At the de novo hearing on Licensee's appeal, DOT first moved for a continuance because there was not a seal attached to the signature of Rebecca Bickley, Director of the Bureau of Driver Licensing, on the cover certificate of the packet of photostatically copied documents that DOT intended to introduce into evidence. The signature of Bradley L. Mallory, the Secretary of Transportation, on the certificate, certifying that Director Bickley was the legal custodian of the records, did have a proper seal. The documents were copies of DOT's notice of suspension to Licensee, the notices DOT received from district courts of Licensee's conviction on various citations, letters from DOT to Licensee concerning assessment of points and Licensee's driving record.

■ The trial court denied the motion for a continuance and admitted the documents, subject to its ruling upon Licensee's objection that they were inadmissible because the absence of a seal violated Sections 6103 and 6109 of the Judicial Code, 42 Pa.C.S. §§ 6103 and 6109. Shortly thereafter the trial court issued a decision, concluding that the documents were not properly certified and therefore were not admissible. In the absence of documentation of the accumulation of points, the trial court sustained Licensee's appeal, and DOT's appeal to this Court followed. DOT questions whether a packet of official documents is certified in accordance with Section 6103(a) of the Judicial Code, where the custodian has attested to the authenticity of the documents by signing her name, and a public official has placed his signature and seal on the same page, certifying that the individual attesting to the authenticity is the custodian.[1]

Section 6104 of the Judicial Code, 42 Pa. C.S. § 6104, is the current statutory embodiment of the "public records" exception to the hearsay rule in Pennsylvania. It provides in part: "(a) **General rule.**—A copy of governmental action or inaction authenticated as provided in section 6103 (relating to proof of official records) shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted." Section 6103 of Judicial Code provides in pertinent part:

> (a) **General rule.**—An official record kept within this Commonwealth by any court, district justice or other governmental unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his [or her] deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the governmental unit in which the record is kept, authenticated by the seal of his [or her] office. . . .

The first page of the packet of documents is DOT's certificate that the attached documents are authentic. The statement of Director Bickley on the certificate is that she certifies that the annexed material is a full, true and correct certified copy of the items noted above. After the detailed enumeration

---

1. This Court's review is limited to determining whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Xenakis v. Department of Transportation, Bureau of Driver Licensing,* 702 A.2d 572 (Pa.Cmwlth.1997).

of the annexed items is the statement: "**CERTIFIED TO** as prescribed by Sections 6103 and 6109 of the Judicial Code.... IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND SEAL THE DAY AND YEAR AFORESAID." Although a facsimile signature appears on the line following this statement, there is no seal. The statement of Secretary Mallory, at the top of that page, is that he certifies that Director Bickley is the legal custodian of driver license records of DOT and that, as such, she has legal custody of the original or microfilm records that are attached.

DOT asserts that Section 6103(a) means that documents maintained in an official driving record are admissible to prove DOT's case so long as they are attested to by the custodian of those records and the attestation is accompanied by a certificate of any public officer having a seal of office and authenticated by that seal of office. It cites *Department of Transportation, Bureau of Driver Licensing v. Emery*, 135 Pa.Cmwlth. 274, 580 A.2d 909 (1990). There this Court held that a letter from a district justice, with a signature and seal, stating that a licensee had been found not guilty of the underlying charge that formed the basis for DOT's suspension, was admissible to prove the disposition of the charge.

DOT also cites *Commonwealth v. Kaufman*, 307 Pa.Super. 63, 452 A.2d 1039 (1982). There the court stated simply that certificates of non-licensure to possess or distribute controlled substances, which were provided by officials who were not otherwise identified in the opinion, were impressed with the official seal of the officials' department and satisfied the requirements of Section 6103(a). Also, in *Commonwealth v. Visconto*, 301 Pa.Super. 543, 448 A.2d 41 (1982), the court held that a computer printout of unemployment compensation payments made to the defendant and a listing of wages paid by a private employer that were reported to the Department of Welfare were properly admitted, where they were certified by the Unemployment Compensation Operations Chief, and a supervisor in the local unemployment compensation office testified that he received the documents from that person, who had

legal custody of them. These cases do not answer the question posed by the circumstances presented in the matter now before the Court.

DOT refers to Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), which provides that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." However, the Legislature intended that statutes be interpreted in a rational and reasonable manner. Section 1922, 1 Pa.C.S. § 1922. DOT asserts that Section 6103(a) is clear and free from ambiguity and that the documents offered at trial complied with the requirements of that Section; therefore, the documents should have been admitted. There is no dispute here regarding the certification portion of the certificate. DOT's argument assumes that the attestation portion of the certificate complies with Section 6103(a), without further discussion. The Court notes that neither Section 6103 nor related provisions define the requirement for "attestation" by the custodian of the documents, and it disagrees with DOT's assertion that the Director's signature alone satisfies Section 6103 requirements where the Director certifies that she signed and affixed her seal to the document at issue.

■ First, the Court observes that concern for the proper authentication of copies of records used by DOT in driver license suspension or revocation proceedings is not idle. The legislative purpose behind the enactment of Section 6103 is to allow a method by which official records may be introduced into evidence without the need for bringing the records custodian into court to authenticate the records. *Jennings v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 552 (Pa.Cmwlth.1998); *Cotter v. Department of Transportation, Bureau of Driver Licensing*, 703 A.2d 1092 (Pa.Cmwlth. 1998). *See also* Leonard Packel & Anne Bowen Poulin, Pennsylvania Evidence § 803.8 (1987). Under such a provision, the requirement for authentication of the records or copies of records is crucial, as Section 6104 makes express by requiring authentication pursuant to Section 6103.

In the recent case of *Cotter*, the Court noted that a plain reading of Section 6103(a) reveals two aspects of the certification requirement for official public records of Commonwealth agencies: the agency officer having custody of the public record or his or her deputy must attest to the official copy, and there must be a certificate verifying that the officer has custody of the original. In *Cotter*, however, DOT conceded that the certificate on one of two packets of documents necessary to establish DOT's case had been sent to a DOT attorney in Pittsburgh signed and sealed, but otherwise blank and with nothing attached. The attorney typed in the information identifying the documents to be submitted and attached the copies. This Court reversed the trial court's decision and sustained the licensee's appeal, noting that the certificate violated both requirements of Section 6103(a). It could not constitute attestation by the officer with custody that the copies of the public record were official, i.e., that they had been compared to the original records, when no documents accompanied the original blank certificate. Similarly, the Secretary could not certify that the officer was the legal custodian of records that were not yet identified when the Secretary's seal was affixed. As *Cotter* demonstrates, there is a need for vigilance in this area.

In the present case, DOT's position that Section 6103 does not of its own force require that Director Bickley's attestation be accompanied by the seal of her office might arguably contain merit if the Director did not possess a seal and if she did not purport to attest to the truthfulness and authenticity of the records under both her hand and her seal. In many instances the custodian of records to be authenticated pursuant to Sec-

tion 6103(a) does not possess a seal; that is the reason for the further requirement for an official who does possess a seal to supply a certification under seal that the person attesting to the correctness of the copies is in fact the lawful custodian. *See* 2 McCormick on Evidence § 228 (4th ed.1992). Nevertheless, in the certificate here, Director Bickley specifically recited that she had "hereunto set my hand and seal . . . ." [2]

In this case, DOT required both the signature and the seal of Director Bickley in order for her to make an attestation of the truthfulness and authenticity of the copies to be submitted into evidence. In this situation, the Court concludes that DOT's certificate was not sufficient to authenticate the annexed copies of records, where the attestation portion of the certificate, lacking a seal, simply was not what it purported to be. Because Section 6103(a) requires both a proper attestation and certification to authenticate copies of documents, the Court concludes that the trial court did not err in determining that the copies DOT sought to introduce were not properly certified. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 6th day of April, 1999, the order of the Court of Common Pleas of Allegheny County is affirmed.

LEADBETTER, Judge, dissenting.

I respectfully dissent. Section 6103(a) requires two things: an *attestation* by the officer having legal custody of the original record and a *certificate* from any public officer having official duties in the relevant govern-

---

**2.** Compare *Mackall v. Department of Transportation, Bureau of Driver Licensing*, 680 A.2d 31 (Pa.Cmwlth.1996), where this Court rejected a licensee's challenge to the admissibility of a packet of documents containing, among other things, DOT's notice of revocation and a West Virginia citation and complaint. The documents were admitted into the licensee's suspension appeal hearing pursuant to Section 1550(d) of the Vehicle Code, as amended, 75 Pa.C.S. § 1550(d), governing DOT's introduction of out-of-state documentation which may be reproduced in accordance with Section 6103. This Court affirmed the admissibility of the documents because they

were certified under seal of both the Secretary of Transportation and of the Director of the Bureau of Driver Licensing. The Court specifically noted the admissibility of the documents because the Director's certification was under seal, unlike the present case. Also compare the Supreme Court's ruling in an estate matter where a document was signed by the testatrix who stated that she "affixed her hand and seal" to the document but in fact affixed only her signature. The Court held that the document was insufficient to constitute it as a writing under seal if in fact there was no seal. *Burns's Contested Election*, 315 Pa. 23, 171 A. 888 (1934).

mental unit. The plain language of this provision makes clear that the *certificate* must by accompanied by the official seal of the certifying officer, but includes no such requirement with respect to the attestation. If the legislature had intended both documents to be made under seal, it would surely have said so. Ordinary principles of statutory construction inform us that no seal is required with respect to the attestation.

Indeed, the majority here concedes that, "In many instances the custodian of records to be authenticated pursuant to Section 6103(a) does not possess a seal; that is the reason for the further requirement for an official who does possess a seal to supply a certification under seal that the person attesting to the correctness of the copies is in fact the lawful custodian." [Op. at 1208.] How can the majority reconcile this statement with its holding that Section 6103(a) requires a seal from *both* the attesting and the certifying officers? Plainly, it cannot. The statute requires only one seal, and I believe that should be the end of the inquiry.

The mandates of the statute determine whether the document is admissible, not DOT's usual practice of affixing an unnecessary seal, nor boilerplate language in DOT's certification stating that an unnecessary seal had been affixed. I know of no basis in law for holding that a document specified by law to be admissible becomes inadmissible because the party offering the document usually does more than the statute requires, but in this instance neglected to do so. Accordingly, I would reverse the order of the trial court and reinstate the suspension.

Judge DOYLE joins in this dissenting opinion.