## Rawson v. Commonwealth Department of Transportation

*Joseph P. Green, Jr.*, for petitioner.
*William Christopher Duerr*, for Commonwealth.

TUNNELL, *J.*, January 29, 2014—Todd M. Rawson has filed a petition for appeal from the notice of suspension dated July 17, 2013 he received from Pennsylvania Department of Transportation, Bureau of Driver Licensing ("DOT"). For the reasons that follow, Rawson's appeal is denied and the suspension is reinstated.

Rawson pleaded guilty to the offense of criminal attempt, a violation of 18 Pa. C.S. §901, with reference to the specific crime of possession of a controlled substance by a person not registered, 35 P.S. §113(a)(16), as charged in the third count of the information filed against him. In so pleading, Rawson necessarily admitted that he did an act which constituted a substantial step towards the commission of that crime.

About a month later, on July 9, 2013, the Chester County Clerk of Courts sent a Form DL-21D, a report of a conviction under the controlled substance act, to DOT. This document mistakenly stated that Rawson had been convicted of possessing a controlled substance in violation of 35 P.S. §780-113(a)(16) of the drug act. DOT then notified Rawson that as a result of that conviction his driving privilege was suspended.

Rawson then filed a motion to strike or modify record with the court. By order dated August 9, 2013, the court ordered that the DL-21 form be stricken, declared it to be a nullity and directed that it be expunged from DOT's records. This was done.

The Chester County Clerk of Courts was unable to generate an amended Form DL-21D and so instead transmitted a certified copy of Rawson's sentencing sheet to DOT (Exhibit C-2). This record accurately reflected Rawson's two convictions, including the crime of attempt aforesaid.

On appeal, Rawson argues that DOT failed to prove by a certified record of conviction that he was convicted of an offense "involving the possession, sale or delivery" of a controlled substance requiring a license suspension

under the provision of the vehicle code at 75 Pa. C.S. §1532(c). He maintained at the hearing on his appeal that the evidence demonstrated that he never possessed any marijuana in the first instance. Rawson offered the Pennsylvania State Police Incident Report into evidence (Exhibit D-2), and the parties stipulated that investigating Trooper James Wisnieski would, if called, testify to the facts recited therein.

These facts may be summarized as follows: The trooper was summoned to a local federal express facility and took into possession a 10 ½ pound package addressed to Rawson containing a stuffed toy monkey. Inside this were four vacuum-sealed bags of marijuana. When the trooper interviewed him, Rawson admitted that he had met someone named "Heath" and negotiated a price of $2,500.00 which he paid for a pound of high-quality marijuana to be shipped to his home. When the package did not arrive as expected, Rawson contacted Federal Express and "Heath."

Truly, Rawson never possessed any marijuana; it was intercepted as contraband. But he was charged with and convicted of an attempt to possess it, and a certified record of that conviction was offered by PennDOT and admitted into evidence at the hearing without objection by Rawson.

In license suspension cases, the only issues are whether the criminal court convicted the licensee, and whether DOT acted in accordance with applicable law. *Dept. of Transp., Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993). DOT bears the initial burden to establish a *prima facie* case that a certified record of conviction supports a suspension. *Zawacki v.*

*Dept. of Transp., Bureau of Driver Licensing*, 745 A.2d 701 (Pa. Cmwlth. Ct. 2000). An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. *Cotter v. Dept. of Transp., Bureau of Driver Licensing*, 703 A.2d 1092 (Pa. Cmwlth. Ct. 1998). DOT must also establish that it acted in accordance with applicable law. *Id.* This creates a rebuttable presumption that the licensee was convicted of the offense. *Mateskovich v. Dept. of Transp., Bureau of Driver Licensing*, 755 A.2d 100 (Pa. Cmwlth. Ct. 2000).

In order to overcome this presumption of conviction, the licensee must show by clear and convincing evidence that the certified record offered into evidence was erroneous. *Id.* Licensees may not collaterally attack the underlying criminal conviction during the civil license suspension proceeding. *Commonwealth v. Duffey*, 536 Pa. 436, 639 A.2d 1174 (1994).

DOT argues that even though Rawson's guilty plea was to attempt, rather than to the substantive offense of possession of controlled substances, suspension is nonetheless mandated. Rawson argues that a conviction of criminal attempt does not fall under the suspension provisions in §1532(c) and, as a result, his statutory appeal should be sustained.

Criminal attempt is an inchoate crime. *Com. v. Simpson*, 462 A.2d 821 (Pa. Super. 1983). Chapter 9 of the crimes code, 18 Pa. C.S. §901, *et seq.*, deals with inchoate crimes, which include criminal solicitation and criminal conspiracy.

The vehicle code provides that DOT shall suspend the driving privileges of any person upon receiving a certified

record of the person's conviction of any offense *involving* the possession, sale or delivery of a controlled substance. 75 Pa. C.S. §1532(c) (emphasis added). DOT argues that an attempt to possess falls within the phrase "any offense involving" possession. Rawson asserts that any such construction would constitute an invalid expansion of the operable law.

The Commonwealth Court examined the construction of this particular statute in *Keim v. Dept. of Transp., Bureau of Driver Licensing*, 887 A.2d 834 (Pa. Cmwlth. Ct. 2005). The licensee in that case pleaded guilty to one count of manufacturing a controlled substance and was suspended. He appealed his suspension arguing that the manufacture of a controlled substance was not one of the offenses enumerated in §1532(c). The Commonwealth Court held, however, that it would be impossible for a person to manufacture a controlled substance without possessing it; for the purposes of the statute, the manufacturing of a controlled substance is an "offense involving possession" of a controlled substance. Any other result the court wrote would be "absurd and unreasonable and therefore not in accordance with the intent of the legislature." *Id.* at 839.

In *Conchado v. Dept. of Transp., Bureau of Driver Licensing*, 941 A.2d 792 (Pa. Cmwlth. Ct. 2008), the licensee entered a guilty plea to conspiracy to possess a controlled substance. DOT argued that while that crime was not specifically set forth in §1532(c), a conspiracy to commit a crime "involves" that crime. The Commonwealth Court agreed, reversing the trial court. It noted that, under 18 Pa. C.S. §905(a), conspiracy is a crime of the same grade and degree as the most serious offense that is the object of the conspiracy. The sentencing guidelines treat

a conspiracy as identical to the underlying crime itself. Conchado's suspension was reinstated.

Similarly, criminal attempt and criminal solicitation are made crimes of the same grade and degree as the most serious offense which is attempted or solicited, 18 Pa. C.S. §905(a).

Under the same reasoning, therefore, a mandatory license suspension is triggered in this case.

An appropriate order follows.

## ORDER

And now, this 29th day of January, 2014, after trial de novo held on December 19, 2013, and upon consideration of Petitioner Rawson's brief, the appeal in the above-referenced matter is denied and the suspension reinstated.