# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd M. Rawson, : 
                Appellant : 
: 
          v. : No. 290 C.D. 2014
: Submitted: July 11, 2014
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Driver Licensing : 

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE ROBERT SIMPSON, Judge
            HONORABLE ANNE E. COVEY, Judge


**OPINION**
**BY JUDGE SIMPSON**                **FILED: August 29, 2014**


Todd M. Rawson (Rawson) appeals the Court of Common Pleas of Chester County's (trial court) order that denied his statutory appeal from a six-month suspension of his operating privilege pursuant to Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c) (regarding mandatory suspension). The Department of Transportation, Bureau of Driver Licensing (Department) imposed the suspension as a result of its receipt of a conviction report that inaccurately stated Rawson was convicted of possession of a controlled substance (marijuana) under Section 13(a)(16) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] In fact, Rawson was convicted of criminal attempt, an inchoate offense under Section 901 of the Crimes Code, 18 Pa. C.S. §901, with possession as the underlying object offense.

---

[1] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §780-113(a)(16) (prohibiting "[k]nowingly or intentionally possessing a controlled … substance" by an unauthorized person).

Rawson contends the trial court erred in accepting an inaccurate conviction report as evidence of his conviction when the trial judge who presided over his criminal case (criminal court) declared it a legal nullity. Rawson also argues that suspension is not warranted for the inchoate offense of attempt as a matter of law because it is not listed among the offenses mandating suspension. Upon review, we affirm.

## I. Background

Pursuant to a plea agreement, Rawson pled guilty and was sentenced by the criminal court for criminal attempt to possess a controlled substance. The clerk of courts sent the Department a DL-21D form for reporting drug-related convictions that trigger suspensions. However, the clerk's office erroneously checked a box for a violation of the Drug Act, but Rawson was convicted for attempt under Section 901 of the Crimes Code, 18 Pa. C.S. §901. Notably, the inchoate offense of attempt did not appear on the form.

Upon receiving the inaccurate report showing conviction under Section 13(a)(16) of the Drug Act, the Department sent Rawson a notice of suspension of his operating privilege. Because he was not convicted of violating the statute cited in the notice, Rawson appealed the suspension to the trial court.

The trial court held a hearing. Among other things, the court received a certified copy of the Official Notice of Suspension and Rawson's driving record (Exhibit C-1), the DL-21D form that triggered the Notice (Exhibit D-3), and a certified copy of the sentencing sheet (Exhibit C-2). Rawson submitted the

2

testimony of Jordan Ludwick, First Deputy Clerk of Courts (Clerk of Courts) for Chester County. The parties stipulated to the following facts regarding Rawson's offense.

Rawson's friend in California mailed a package containing marijuana addressed to Rawson at his residence in Pennsylvania, via Federal Express. Instead of delivering the package, Federal Express security administratively opened the package, discovering four vacuum-sealed bags of marijuana. Ultimately, Rawson admitted to authorities that he had the marijuana shipped to him.

Despite its inaccuracy, the Department offered as evidence the DL-21D form, Report of a Conviction under the Drug Act (Conviction Report). Rawson objected because the form was factually incorrect, as he was only convicted of attempt. The trial court admitted the exhibit over objection.

To rebut the Conviction Report, Rawson submitted an order of the criminal court striking the Conviction Report. Significantly, the criminal court struck the Conviction Report "because it does not accurately reflect the actual events occurring in this case," erroneously stating a conviction of possession under the Drug Act. Reproduced Record (R.R.) at 10a. The criminal court declared the report a legal nullity and directed its expungement from Department records. The criminal court directed service of the order on the Department and requested the Department return the "improper DL-21[D]." Id.

The Clerk of Courts, who is a licensed attorney, testified regarding the sequence of events leading to the notice of suspension and the court's practices for reporting violations to the Department generally. Importantly, he testified that the Conviction Report was not accurate. The Clerk of Courts explained the genesis of the inaccurate Conviction Report as follows.

As background, the Clerk of Courts explained that the Department automated its DL (driver's licensing) functions as of April 1, 2013. The DL forms are automatically generated by CPCMS, the statewide criminal docket system for the courts of common pleas. He explained the DL form that is automatically generated is not the same document that is in the clerk's case file. The file copy is originally submitted electronically, and is not seen by the clerks.

The DL-21D form includes a number of boxes that are to be checked for certain violations of the Drug Act. The Clerk of Courts has a legal obligation to submit a DL-21D form to the Department when there is a conviction for a "checked-box" offense. 75 Pa. C.S. §6323. In this case, someone in the clerk's office incorrectly completed the form by checking a box for a violation of 35 P.S. §780-113(a)(16) (relating to possession). The Clerk of Courts testified the form misrepresents the crime because it states a conviction for possession as opposed to attempt. The clerk's office could not send a corrected version of the Conviction Report to the Department as the form contains no reference to the crime of attempt. Prior to automation, however, the clerk's office would clarify, by hand-written note, that the actual offense was attempt.

4

At the hearing, Rawson argued the Department did not have a certified record of his conviction of an offense "involving the possession, sale or delivery" of a controlled substance requiring license suspension under Section 1532(c) of the Vehicle Code. Without the Conviction Report, the Department did not have any certified record of conviction for a Drug Act offense. Instead, the Department had a copy of Rawson's sentencing sheet, certified and signed by the Clerk of Courts.

The Department argued a conviction for *attempt* of an offense involving a controlled substance sufficed to trigger suspension. The trial court agreed.

The trial court issued a decision and order reinstating Rawson's suspension. The trial court reasoned the offense of attempt to possess qualified as an offense "involving the possession" of a controlled substance, thus meeting the nexus requirement to qualify for mandatory suspension. The trial court noted the Department submitted a certified record of Rawson's conviction for attempt to possess a controlled substance. See Tr. Ct., Slip Op., 1/30/14, at 3. Rawson did not object to the admission of the certified record of his sentencing sheet showing his conviction for attempt. Accordingly, the Department met its burden to prove a conviction involving possession of a controlled substance.

Rawson appealed.[2]

---

[2] Our review is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court committed any errors of law and whether it abused its discretion. Gayman v. Dep't of Transp., Bureau of Driver Licensing, 65 A.3d 1041 (Pa. Cmwlth. 2013).

## II. Discussion

"In a license suspension case, the only issues are whether the criminal court convicted the licensee, and whether [the Department] acted in accordance with applicable law." Glidden v. Dep't of Transp., Bureau of Driver Licensing, 962 A.2d 9, 12 (Pa. Cmwlth. 2008) (citing Dep't of Transp., Bureau of Driver Licensing v. Tarnopolski, 626 A.2d 138 (Pa. 1993)). The Department bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension. Zawacki v. Dep't of Transp., Bureau of Driver Licensing, 745 A.2d 701 (Pa. Cmwlth. 2000). An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. Glidden (citing Cotter v. Dep't of Transp., Bureau of Driver Licensing, 703 A.2d 1092 (Pa. Cmwlth. 1998) (reversing trial court for accepting uncertified records)). The Department must also establish it acted in accordance with applicable law. Id.

Generally, the Department submits a Conviction Report (DL-21D form) to meet its burden of proof. See, e.g., Glidden. However, there is no dispute that the Conviction Report here inaccurately reflects a conviction for a violation of the Drug Act, rather than the correct conviction of criminal attempt. To establish his conviction, the Department also relied upon a certified copy of Rawson's sentencing sheet.

Rawson argues the trial court erred in admitting the Conviction Report. Rawson also contends the trial court erred in construing his conviction for criminal attempt of possession as a conviction of an offense involving possession of

6

a controlled substance, mandating suspension under Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c).  We address each argument in turn.

## A. Evidence

Rawson challenges the trial court's admission of the inaccurate Conviction Report.  He argues the DL-21D form is not admissible for its contents because it was materially inaccurate, and because it was ordered stricken by the criminal court.  See R.R. at 10a.  The Department counters that it was not bound by the criminal court's order.  Regardless, the Department maintains the flaws in the Conviction Report are irrelevant as its suspension rests on the sentencing sheet.

We review a trial court's decisions regarding the admissibility and relevance of evidence under a deferential abuse of discretion standard.  Ball Park's Main Course, Inc. v. Pa. Liquor Control Bd., 641 A.2d 713 (Pa. Cmwlth. 1994).  Our Supreme Court noted that "[a]n abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will."  Harman ex rel. Harman v. Borah, 756 A.2d 1116, 1123 (Pa. 2000).  "A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion."  Id.

### 1. Conviction Report

Based on the Conviction Report, the Department sent Rawson a Notice of Suspension.  The Department did not rescind its suspension despite receiving the criminal court's order requesting return of the Conviction Report, and

advising of its null effect. There is no dispute that the Conviction Report upon which this suspension is predicated is inaccurate.

The Conviction Report (DL-21D form) includes a number of boxes that are to be checked for violations of A-12, A-16, A-30, A-31 or A-36 of Section 13 of the Drug Act. Pursuant to Section 6323 of the Vehicle Code, 75 Pa. C.S. §6323, the Clerk of Courts has a legal obligation to submit a Conviction Report to the Department when there is a conviction for a checked-box offense.[3]

The form at issue is entitled "Report of a Court Showing the Conviction of Certain Violations of the [Drug Act]." Under the section "Violation Committed," a section instructing "(Check one):" appears as follows:

| 35 P.S. 780-113 CONTROLLED SUBSTANCE, DRUG, DEVICE AND COSMETIC ACT | □(a)(12) □(a)(16) □(a)(30) | □(a)(31) □(a)(36) | CHECK THE BOX IF A PERSON IS CONVICTED OF CONSPIRACY TO COMMIT ANY OF THESE OFFENSES (18 Pa. C.S. 903)[4] |
|---|---|---|---|

---

[3] Section 6323(1) of the Vehicle Code states in pertinent part:

> The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title ... shall send to [the Department] a record of the judgment of conviction, acquittal or other disposition.

75 Pa. C.S. §6323(1); see also 67 Pa. Code §81.4.

[4] The instruction regarding use of the form for the inchoate offense of conspiracy appears only on the Department's version of the form, reproduced above. The clerk's office's version of the form makes no reference to conspiracy. R.R. at 58a.

8

Below appears a section entitled "Court Information," which states in pertinent part: "NOTE: This form is only to be used for reporting the above listed violations of the [Drug Act], whether or not a motor vehicle was USED." R.R. at 47a.

The Conviction Report also advises that the listed violations require mandatory reporting under Section 6323 of the Vehicle Code. Significantly, neither the Department's version nor the clerk's office's version of the form makes any reference to a conviction under 18 Pa. C.S. §901 (pertaining to criminal attempt).

The Clerk of Courts explained it is the clerk of court's policy, and the Department's policy, to generate a Conviction Report for conviction of any inchoate offense related to the five enumerated offenses. R.R. at 27a. Thus, the clerk's office does not distinguish between the enumerated offenses and related inchoate offenses. In the past, the clerk's office used to handwrite on the forms that the conviction was for attempt or another inchoate offense. However, once the practice became automated, the clerk's office lost the ability to clarify offenses. As a result, the clerk's office generates inaccurate forms to accomplish the same end. R.R. at 29a.

That the Department imposed a suspension based on an inaccurate Conviction Report does not invalidate its action. The actual events and results before the criminal court dictate the propriety of a suspension. Sivak v. Dep't of Transp., Bureau of Driver Licensing, 9 A.3d 247 (Pa. Cmwlth. 2010).

9

A criminal court's order regarding conviction necessarily binds the Department because the Department's action must be consistent with the criminal court's judgment of sentence. Tarnopolski; Sivak. The Department is performing a purely administrative function, and it has no authority to impose a suspension when it is not supported by the order of the criminal court. Gallagher v. Dep't of Transp., Bureau of Driver Licensing, (Pa. Cmwlth., No. 2097 C.D. 2009, filed August 19, 2010) (unreported), 2010 WL 9514632.

The Department's action must also be predicated upon a proper record of conviction. Rawson contends the Conviction Report should not have been admitted because the Department is not authorized to impose a suspension unless the conviction record is in the proper form. Rawson relies on Epps v. Department of Transportation, Bureau of Traffic Safety, 314 A.2d 884 (Pa. Cmwth. 1974) and Department of Transportation, Bureau of Traffic Safety v. Marchetti, 332 A.2d 894 (Pa. Cmwlth. 1975), for support.

In Epps, the licensee objected to the Department's documents as lacking proper certification. The trial court overruled the objections. The exhibit drawing the objection was a form of affidavit, the "Certification of Disposition," stating the adjudication and sentence. Contrary to the rules, the exhibit contained no signature, but was sealed. We held that the certification was deficient because the document was not signed. Therefore, we reversed the trial court and held the Department had no proper basis for suspension.

Similarly, in Marchetti, we held that without a conviction record properly certified, the Department lacks authority to assess points against a driver's

record. We found the conviction record did not meet certification requirements under the rules, and thus invalidated the Department's action.

Neither of these cases precludes admission of the Conviction Report here because they pertain to statutory requirements for certification. Rawson does not challenge the certification of the Conviction Report.

There is no dispute that the Conviction Report was inaccurate, and that Rawson rebutted its presumption of accuracy. Nonetheless, the trial court did not err in admitting the document under the circumstances presented. More particularly, the trial court here only reviewed the Conviction Report "to understand the progression of events." Hr'g Tr., 12/19/13, at 6; R.R. at 16a. Thus, the trial court did not rely on it as to Rawson's underlying conviction. Accordingly, the trial court did not commit reversible error in admitting the Conviction Report.

Rawson argues the Department should be penalized for suspending him based on an inaccurate Report; otherwise, it has no incentive to ensure accuracy. See Appellant's Br. at 15 n.2. However, we evaluate the propriety of the suspension based on actual events, not the content of a form. We previously recognized the related DL-21 form is imperfect at capturing the nuances of sentencing and the associated civil penalty of suspension. See Terna v. Dep't of Transp., Bureau of Driver Licensing, (Pa. Cmwlth., No. 2718 C.D. 2010, filed September 27, 2011) (unreported). Accordingly, we considered other evidence of the actual conviction at issue.

11

This Court reviewed a number of suspension cases where a suspension is based upon an incorrect notice of conviction. See, e.g., Sivak, 9 A.3d at 251 (affirming trial court reinstatement of license because DL-21 form was incorrect, and court should follow not the form, but "the reality of what occurred"); Terna (affirming trial court, which considered sentencing sheet); Dienes v. Dep't of Transp., Bureau of Driver Licensing, (Pa. Cmwlth., Nos. 2550 C.D. 2010, 2551 C.D. 2010, 2552 C.D. 2010, filed May 20, 2011) (unreported) (form submitted to Department stated conviction of an offense under the Drug Act, not for conspiracy). Cf. Dyson v. Dep't of Transp., Bureau of Driver Licensing, 18 A.3d 414 (Pa. Cmwlth. 2011) (reversing trial court because record showed material inaccuracy in the DL-21 form).

Notable among decisions predicated on an inaccurate form is Conchado v. Department of Transportation, Bureau of Driver Licensing, 941 A.2d 792 (Pa. Cmwlth. 2008). In Conchado, the Department submitted a certified conviction report that reflected a conviction for drug possession. In rebuttal, however, the licensee's attorney referenced an uncertified sentencing sheet showing a conviction for conspiracy to possess.[5] Ultimately, we held that regardless of which document accurately memorialized the actual conviction, the statutory suspension was mandated for both drug possession and conspiracy to possess. This reasoning is discussed in more detail below, but the relevant lesson

_____

[5] The Court, speaking through then-President Judge Leadbetter, held that the trial court erred in taking judicial notice on its own motion of an unauthenticated photocopy of a document which looked like a court record but which was not stipulated to be genuine and accurate.

at this point is that even if a conviction report or form is inaccurate, a license suspension may be affirmed.

In this case, notwithstanding the Conviction Report's imperfections, the trial court did not need to rely on the Report to establish the conviction for criminal attempt. Rather, the trial court could consider the certified sentencing sheet.

## 2. Sentencing Sheet

The Department "meets its burden by submitting into evidence its certified record of conviction demonstrating" the offense underlying the conviction. Gayman v. Dep't of Transp., Bureau of Driver Licensing, 65 A.3d 1041, 1044 (Pa. Cmwlth. 2013). "Upon this showing, the burden of proof then shifts to the licensee to present 'clear and convincing evidence' to rebut the presumption of correctness raised by [the Department's] certified records." Id. (quoting Carter v. Dep't of Transp., Bureau of Driver Licensing, 838 A.2d 869, 872 (Pa. Cmwlth. 2003)).

What constitutes an official record sufficient to establish the fact of actual conviction is governed by Section 6103 of the Judicial Code, 42 Pa. C.S. §6103. Cotter. Section 6103 states:

> (a) General rule.—An official record kept within this Commonwealth by ... [a] government unit ... when admissible for any purpose, may be evidenced by ... a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody.

42 Pa. C.S. §6103.

13

A plain reading of this statute highlights two aspects of the certification requirement for official public records kept by Commonwealth agencies. First, the agency officer having legal custody of the public record or his deputy must attest to the official copy. Second, a certificate verifying that the officer has custody of the original must accompany the attested copy. See Dep't of Transp., Bureau of Traffic Safety v. Mull, 434 A.2d 871, 872 (Pa. Cmwlth. 1981) (stating that Section 6103 "permit[s] the introduction into evidence of official Commonwealth records upon attestation by the official with legal custody thereof and upon certification that such official has such custody").

We recognize a "duly certified court record" is the best evidence of conviction. Dep't of Transp., Bureau of Traffic Safety v. Cox, 499 A.2d 1140, 1141 (Pa. Cmwlth. 1985). Although the term conviction is not defined in the statute, we construe a record of conviction to include a judgment of sentence. See Dep't of Transp., Bureau of Driver Licensing v. Perruso, 634 A.2d 692, 695 n.6 (Pa. Cmwlth. 1993) (in context of suspension under the Drug Act, "conviction occurs when the judgment of sentence is imposed").

Significantly, Rawson does not dispute the contents of the sentencing sheet, which shows his conviction for criminal attempt. Also, the sentencing sheet itself is certified and authenticated by the Clerk of Courts. For that reason, it is proper evidence and may form the basis for the trial court's decision. Therefore, the certified sentencing sheet was proper evidence of conviction that may form the basis for the trial court's decision. Cf. Conchado (uncertified sentencing sheet may not form basis for trial court's suspension order).

14

Notwithstanding the inaccuracy of the Conviction Report, there is a certified record of conviction here in the certified sentencing sheet. The trial court upheld the suspension here because Rawson's conviction for criminal attempt was substantiated by the certified sentencing sheet. Thus, excluding the Conviction Report would not alter the outcome here.

Because the Department submitted sufficient evidence of the conviction for criminal attempt, we consider whether a conviction for the crime of attempt of an enumerated offense mandates suspension.

### B. Attempt as an Offense "Involving" Possession

This Court is asked to determine whether a conviction for criminal attempt to commit an enumerated offense under the Drug Act qualifies as an offense "involving" possession so as to trigger suspension under Section 1532(c) of the Vehicle Code. Rawson contends suspension is not triggered here because the properly admitted documents do not show a conviction for one of the enumerated drug-related offenses.

Section 1532(c) lists the offenses triggering mandatory suspension as "any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state ...." 75 Pa. C.S. §1532(c) (emphasis added). We hold this is not an exhaustive or exclusive list. Dep't of Transp., Bureau of Driver Licensing v. Coyle, 971 A.2d 532 (Pa. Cmwlth. 2009) (construing statute broadly to include offenses that entail possession of controlled substance); Conchado; Keim v. Dep't of Transp., Bureau of Driver Licensing, 887

15

A.2d 834 (Pa. Cmwlth. 2005); Kamus-Kelly v. Dep't of Transp., Bureau of Driver Licensing, (Pa. Cmwlth., No. 2154 C.D. 2008, filed August 20, 2009) (unreported), appeal denied, 990 A.2d 731 (Pa. 2010) (reasoning acquisition of a controlled substance triggers suspension); Smith v. Dep't of Transp., Bureau of Driver Licensing, (Pa. Cmwlth., No. 1820 C.D. 2007, filed April 18, 2008) (unreported) (holding conspiracy to deliver a controlled substance triggers mandatory suspension).

This Court construes the phrase "any offense involving" broadly to include offenses other than the specified offenses. Coyle; Conchado; Keim. The use of the descriptive term "involving" indicates the type of offense for which the Department is required to impose a license suspension. Coyle.

This Court's reasoning in Keim, on which the trial court relied, is also instructive. In Keim, a licensee's operating privilege was suspended under Section 1532(c) of the Vehicle Code after he was convicted of manufacturing a controlled substance. The licensee argued that his conviction for manufacturing a controlled substance was not one of the offenses specifically listed in the statute. We disagreed, determining that the phrase "any offense involving possession ... of a controlled substance" included manufacturing it, because one cannot manufacture a controlled substance without possessing it.

We further expanded our construction of the statute beyond the enumerated offenses in Conchado. There, we held that the inchoate offense of criminal conspiracy to possess a controlled substance, qualified as "involving" possession of a controlled substance, regardless of whether there was actual possession. Thus, a suspension was mandated.

16

In determining that conspiracy "involved" possession, we noted that conspiracy is the same grade and degree as the offense that is the object of the conspiracy. Id. Section 905(a) of the Crimes Code, 18 Pa. C.S. §905(a), entitled grading of criminal attempt, solicitation and conspiracy, grades the inchoate offense based on the underlying substantive offense, connecting the two. In addition, a conviction for conspiracy receives the same gravity score as the offense that is the object of the conspiracy under the sentencing guidelines. 204 Pa. Code §303.3(a).

In determining whether further expansion of the grounds for suspension is appropriate here, we compare conspiracy and attempt.

Like conspiracy, attempt is an inchoate crime under Chapter 9 of the Crimes Code. Inchoate crimes are treated the same as the underlying substantive offense for grading purposes, and under the sentencing guidelines. As an inchoate crime, similar to conspiracy, criminal attempt is the same grade and degree as the underlying object offense. 18 Pa. C.S. §905(a). Likewise, a conviction for attempt receives the same gravity score as the object offense. 204 Pa. Code §303.3(a).

As to the elements of the offenses, attempt requires intent to commit a "substantial step" in the commission of a crime. 18 Pa. C.S. §901(a). Conspiracy also requires proof of an overt act in pursuit of a conspiracy. 18 Pa. C.S. §903(e).

Conviction for attempt to possess a controlled substance would not exist absent the object offense of possession. We reasoned in Conchado that conspiracy to commit a crime necessarily "involves" that crime. By extension, *attempt* to commit a crime also "involves" that crime. Applying Conchado to these

17

facts, attempt to possess a controlled substance, like conspiracy, "involves" the offense of possession.

Given the similarities in the grade of the offenses, it would be unreasonable to interpret the Vehicle Code to mandate suspension for conspiracy, but to excuse attempt from the same penalty. Further, because the statute is a remedial one, we construe it liberally to effect its remedial goals. Keim. Accordingly, based on our case law and our prior constructions of the relevant statute, suspension is mandated here.

### III. Conclusion

The trial court did not err in admitting the Conviction Report for the limited purpose of understanding the procedural history. Further, admission of the Report did not materially affect the outcome. This is because the trial court's order reinstating suspension is supported by a certified record of conviction for criminal attempt. Further, the trial court did not err as a matter of law in construing Section 1532(c) of the Vehicle Code as mandating suspension for attempt to possess a controlled substance. For the foregoing reasons, we affirm the trial court.

ROBERT SIMPSON, Judge

18

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd M. Rawson,

        Appellant

           v.

Commonwealth of Pennsylvania,
Department of Transportation,
Bureau of Driver Licensing

:
:
:
:
:
:
:
:
:

No. 290 C.D. 2014

## **O R D E R**

**AND NOW**, this 29th day of August, 2014, the order of the Court of Common Pleas of Chester County is **AFFIRMED**.

 

          _____

          ROBERT SIMPSON, Judge