# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfred H. Butler, IV, Jose Javier Colon, :
Michael J. Eisenhart, II, Vincent D. :
Martin, Matthew B. Hess, Howard :
Johnson, Christopher L. Gantz, Shawn :
Benedict, Matthew Richard Gallatin, :
Seth Edward Gray, Joshua M. Jackson, :
Joshua M. Jackson, Jeremy D. Williams, :
Evan M. Zellman, :
                     Appellants :
                                :
            v. :
                                :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 2533 C.D. 2015
Bureau of Driver Licensing : Submitted: August 12, 2016

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: November 21, 2016

      Alfred H. Butler, IV (Butler), Jose Javier Colon (Colon), Michael J. Eisenhart, II (Eisenhart), Vincent D. Martin (Martin), Matthew B. Hess (Hess), Howard Johnson (Johnson), Christopher L. Gantz (Gantz), Shawn Benedict (Benedict), Matthew Richard Gallatin (Gallatin), Seth Edward Gray (Gray), Joshua M. Jackson (Jackson), Jeremy D. Williams (Williams) and Evan M. Zellman (Zellman) (collectively, Licensees)[1] appeal from the York County Common Pleas Court's (trial court) November 10, 2015 order dismissing their appeals and reinstating

---

[1] Butler discontinued his appeal on March 23, 2016.

the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's (DOT) operating privilege suspensions.[2]

During a 2014 audit of the trial court's Clerk of Court's (Clerk) office, it was discovered that approximately 4,300 convictions under The Controlled Substance, Drug, Device and Cosmetic Act[3] (Act) and the Vehicle Code[4] (Convictions) dating as far back as 2004 had not been reported to DOT. Pursuant to Section 6323(1)(i) of the Vehicle Code,[5] the convictions were required to be filed on Notice of Conviction Form DL-21 within 10 days of the final judgments. Late in 2014, the Clerk's office reported the Convictions to DOT. DOT issued suspension notices to the reported licensees, as required by Section 1532(c) of the Vehicle Code, 75 Pa.C.S. § 1532(c) (relating to suspensions for Act violations). The Licensees[6] and

---

[2] Appeals by similarly-situated licensees Lanny S. Riffey (*Riffey v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 2537 C.D. 2015, filed September 28, 2016)) and Cole M. Viani (*Viani v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 2538 C.D. 2015, filed September 28, 2016)) were recently decided by this Court.

[3] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 – 780-144.

[4] 75 Pa.C.S. §§ 101-9805.

[5] Section 6323(1)(i) of the Vehicle Code states:

> The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title or under [S]ection 13 of the [Act], including an adjudication of delinquency or the granting of a consent decree, shall send to [DOT] a record of the judgment of conviction, acquittal or other disposition.

75 Pa.C.S. § 6323(1)(i); *see also* Section 81.4(a) of DOT's Regulations which provides:

> *General rule.* The clerk of a court of record of this Commonwealth, within 10 days after final judgment of conviction or acquittal or other disposition of charges under [the Vehicle Code], shall send to [DOT] a record of the judgment of conviction, acquittal or other disposition on Form DL-21.

67 Pa. Code § 81.4(a).

[6] DL-21 Forms were issued to DOT for Licensees in this appeal as follows: Colon for Docket No. 2014-SU-3236-27; Eisenhart for Docket No. 2014-SU-3432-27; Martin for Docket No. 2014-SU-3161-27; Hess for Docket No. 2015-SU-0199-27; Johnson for Docket No. 2014-SU-2652-

others similarly situated (collectively, Petitioners) appealed to the trial court pursuant to Section 1550(a) of the Vehicle Code, 75 Pa.C.S. § 1550(a) (relating to appeals from driver's license suspensions) (Suspension Appeals).[7]  On March 20, 2015, the trial court consolidated Petitioners' appeals.

On March 24, 2015, Petitioners filed a mandamus action with this Court (*Smires v. O'Shell* (Pa. Cmwlth. No. 146 M.D. 2015)) seeking to have the Clerk nullify their DL-21 Forms or redate them to their conviction dates (Mandamus Action), and to have DOT reject their DL-21 Forms as untimely filed.  The Clerk and DOT filed preliminary objections to dismiss the Mandamus Action because Section 1550(a) of the Vehicle Code specifies the method for challenging their suspensions and, thus, mandamus relief was barred.

On March 25, 2015, the trial court held a hearing on the Suspension Appeals during which the parties agreed that: (1) Petitioners were convicted between 2005 and 2010 of criminal offenses requiring their drivers' licenses to be suspended for some period of time; (2) the Clerk's office did not report Petitioners' convictions to DOT until the second half of 2014; and, (3) Petitioners suffered prejudice as a result of the delay.  *See* Reproduced Record (R.R.) at 31a-32a, 77a-81a, 337a.  The trial court deferred its decision on the Suspension Appeals pending the Commonwealth Court's decision in the Mandamus Action.  *See* R.R. at 337a.

---

27; Gantz for Docket No. 2014-SU-4112-27; Benedict for Docket No. 2014-SU-3699-27; Gallatin for Docket No. 2014-SU-3192-27; Gray for Docket No. 2014-SU-2758-27; Jackson for Docket Nos. 2014-SU-3235-27 and 2014-SU-3413-27; Williams for Docket No. 2014-SU-3891-27; and Zellman for Docket No. 2014-SU-3096-27.  *See* Reproduced Record (R.R.) at 31a-32a.

DOT argues that Licensees "failed to number the pages of [the] reproduced record in Arabic figure followed 'by a small a'" as required by Pennsylvania Rule of Appellate Procedure 2173. Herein, we will refer to the page numbers in their proper format.

[7] Petitioners originally named DOT and Clerk Dan O'Shell (O'Shell) as appellees.  On January 8, 2015, the trial court dismissed O'Shell from the action.  *See* R.R. at 30a.

3

On October 26, 2015, this Court sustained the preliminary objections and dismissed the Mandamus Action,[8] holding:

> [Petitioners] may challenge their suspensions for any reason, including the Clerk's delay in reporting them to [DOT]. Unfortunately for [Petitioners], the precedent has established that [DOT] cannot be faulted for delays not within its control. Simply because the case law is not in [Petitioners'] favor does not mean they are entitled to more than their statutory appeal. It does mean they do not have a clear right to relief. Mandamus does not lie where the petitioner has another appropriate and adequate remedy, which [Petitioners] have in the statutory appeal. This is the appropriate vehicle by which [Petitioners] can raise all of their constitutional and statutory claims. [Petitioners'] statutory appeal includes appellate review. In sum, the statutory appeal is the vehicle by which they can challenge their license suspensions.
>
> [Petitioners] argue that they seek relief from the Clerk, not [DOT]. The petition for writ of mandamus requests that the Clerk amend the notices of conviction and reissue them to state that prior notices are 'void' or, alternatively, that the date of conviction should be considered as the date the suspension commences. Even were the Court to so direct the Clerk, it would be meaningless. [DOT] must suspend licenses upon receipt of the notice of conviction. *See* 75 Pa. C.S. § 1532(c) ([DOT] 'shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction. . . .'). Just as [DOT] cannot issue directives to a clerk of court, likewise the Clerk cannot direct [DOT] to revoke suspensions that were previously issued upon notice of [Petitioners'] convictions.
>
> Because [Petitioners] have a statutory remedy and no clear right to relief, the preliminary objections filed by [DOT] and the Clerk are sustained, and the petition for writ of mandamus is dismissed.hCertified Record (C.R.) Item 2, Trial Ct. Op. Annex A at 18-19 (footnote omitted). Based thereon, on November 10, 2015, the trial court dismissed

---

[8] On December 2, 2015, Petitioners appealed to the Supreme Court (*Smires et al. v. O'Shell*, Pa. No. 85 MAP 2015)). Petitioners discontinued the appeal on June 7, 2016.

Petitioners' Suspension Appeals, and reinstated Petitioners' suspensions, stating:

> Constrained as we are then by precedent, it would be pointless for this [trial court] to consider any possible basis to remedy the colossal breakdown in the Clerk's office (and indirectly the court 'system') in failing to timely report approximately 5,000 criminal convictions implicating driving privileges by requiring suspension thereof. We certainly do not condone the underlying conduct resulting in the convictions requiring suspension of a person's drivers license. However, in this case, for these [P]etitioners, it is undisputed and therefore undeniable, each has suffered prejudice occasioned by the extraordinary delay.

> We pose the rhetorical questions: [A]re not the [c]ourts the independent insulation between the citizenry and government actions or prejudicial inactions? Can this not be viewed as such a breakdown of the [c]ourt[]s and enforcement system that a citizen should have court intervention to undo the resulting prejudice?

> I would urge my appellate colleagues to be open to the possibility of being persuaded to revise previously[-]established principles.

*See* R.R. at 337a-340a. On December 4, 2015, Licensees appealed to this Court.[9, 10]

> Licensees argue:

> This Court recognizes that the current statutory scheme under [Section 1550 of the Vehicle Code] and the case law that interprets it, simply does not provide a remedy for [Licensees]. There is currently no procedural tool to hold a negligent [c]lerk of [c]ourts liable for a flagrant violation of [Section 6323(1) of the Vehicle Code], and which would allow [a licensee] who has demonstrated prejudice to have a remedy at law. There is simply no remedy at law to address the negligence of the [Clerk]. The *Gingrich* [*v. Department*

---

[9] Licensees filed motions for supersedeas, which the trial court granted on December 10, 2015.

[10] "Our review is limited to determining whether the trial court's findings are supported by substantial evidence, whether the trial court committed any errors of law and whether it abused its discretion." *Rawson v. Dep't of Transp., Bureau of Driver Licensing*, 99 A.3d 143, 147 n.2 (Pa. Cmwlth. 2014).

*of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. 2016)] case carves out a reasonable and workable exception to the general rule and [Licensees] urge this [C]ourt to apply that exception in this case.

Licensees' Br. at 2-3.

Recently, in *Lanny S. Riffey* (*Riffey v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 2537 C.D. 2015, filed September 28, 2016)) and *Cole M. Viani* (*Viani v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth. No. 2538 C.D. 2015, filed September 28, 2016)),[11] this Court held:

> While the general rule remains that the delay must be attributable to [DOT] to warrant setting aside a license suspension, this Court recently recognized a limited exception to that rule in *Gingrich* . . . . Under the exception, relief to a licensee may be appropriate upon a showing of the following: (1) a conviction not reported for an extraordinarily extended period of time, (2) a lack of further violations for a significant number of years before the report is finally sent, and (3) prejudice. *Id.*
>
> In *Gingrich*, the licensee's conviction was not reported to [DOT] for nearly ten years. *Id.* at 529.[FN6] She had no further violations for eight years prior to the report being sent to [DOT]. *Id.* at 529-30. Following her conviction, the licensee obtained a bachelor's degree, secured employment, and had a child. *Id.* at 530. She testified that imposing the suspension now would impact her ability to drive her child to school, and would likely result in the loss of her job, which requires her to drive. *Id.* Because she satisfied the requirements for the narrow exception, we vacated her suspension.
>
> The record in the case sub judice is insufficient for this Court to determine whether [the licensee] qualifies for the *Gingrich* exception. The application of this exception, especially the determination of prejudice to the licensee, is

---

[11] We acknowledge that this Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414 of the Commonwealth Court's Internal Operating Procedures, 69 Pa. Code § 69.414. In light of the nearly identical facts of these recently-decided cases, they are cited herein for their persuasive value.

exceedingly factual in nature. The trial court's acceptance of counsel's representation that every licensee, including [licensee], would testify that he or she was prejudiced is not enough. Accordingly, we vacate and remand for further proceedings to determine whether [the licensee] can demonstrate that he is entitled to relief from the imposition of the [] license suspension under *Gingrich*.

> [FN]6 This Court expressly declined to 'establish a bright line in which a delay becomes extraordinary.' *Gingrich*, 134 A.3d at 534. However, we held that a nearly ten-year delay in reporting of a conviction met that standard. *Id.* at 535.

*Riffey*, slip op. at 3-4; *Viani*, slip op. at 3-4.

DOT contends that since some Licensees experienced a less than 10-year delay (*i.e.*, 3 to 7-year delay),[12] several have had subsequent violations,[13] and specific prejudice is not apparent on the face of the record, Licensees have not satisfied the *Gingrich* exception requirements. Indeed, because application of the *Gingrich* exception is "exceedingly factual in nature," and the record "sub judice is insufficient for this Court to determine whether [Licensees] qualif[y]" thereunder, "we vacate and remand for further proceedings to determine whether [Licensees] can demonstrate that [they are] entitled to relief from the imposition of the [] license suspension[s] under *Gingrich*." *Riffey*, slip op. at 4; *Viani*, slip op. at 4.

---

[12] This Court has held that a 7-year, 9-month delay between conviction and DOT suspension which, "combined with [a] lack of additional convictions and [a] showing of prejudice, [] created a circumstance where the [delayed] suspension [] lost the underlying public safety purpose and [] simply [was] a punitive measure sought to be imposed too long after the fact." *Capizzi v. Dep't of Transp., Bureau of Driver Licensing*, 141 A.3d 635, 637 (Pa. Cmwlth. 2016).

[13] Licensees' purported subsequent violations, *see* DOT Br. at 25, were not part of the trial court's record. "[B]riefs filed in this Court are not part of the evidentiary record and assertions of fact therein that are not supported by the evidentiary record may not form the basis of any action by this Court." *Bingnear v. Workers' Comp. Appeal Bd. (City of Chester)*, 960 A.2d 890, 896 (Pa. Cmwlth. 2008); *see also Sch. Dist. of Pittsburgh v. Provident Charter Sch. for Children With Dyslexia*, 134 A.3d 128, 143 n.27 (Pa. Cmwlth. 2016) ("Because statements in briefs do not constitute evidence of record and were not before the [trial court] when it rendered its decision, we will not consider them.").

For all of the above reasons, the trial court's order is vacated and the matter is remanded for further proceedings consistent with this opinion.


_____
ANNE E. COVEY, Judge

Alfred H. Butler, IV, Jose Javier Colon, :
Michael J. Eisenhart, II, Vincent D. :
Martin, Matthew B. Hess, Howard :
Johnson, Christopher L. Gantz, Shawn :
Benedict, Matthew Richard Gallatin, :
Seth Edward Gray, Joshua M. Jackson, :
Joshua M. Jackson, Jeremy D. Williams, :
Evan M. Zellman, :
                      Appellants :
                                   :
          v. :
                                     :
Commonwealth of Pennsylvania, :
Department of Transportation, : No. 2533 C.D. 2015
Bureau of Driver Licensing :

O R D E R

AND NOW, this 21st day of November, 2016, the York County Common Pleas Court's (trial court) November 10, 2015 order is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge