# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Christopher Robert Morgan | : | |
| | : | |
| v. | : | No. 633 C.D. 2024 |
| | : | SUBMITTED: July 7, 2025 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                          **FILED: August 14, 2025**

Appellant, the Pennsylvania Department of Transportation, Bureau of Driver Licensing, appeals from the order of the Court of Common Pleas of Montgomery County sustaining the appeal of Christopher Robert Morgan, Licensee, of the suspension of his operating privilege.[1]  We affirm.

The essential facts of the matter are as follows.  In February 2024, the Department sent Licensee a notice that his operating privilege was being suspended for one year as a result of a violation of Section 3736 of the Vehicle Code, 75 Pa.C.S. § 3736 (reckless driving), pursuant to Section 1532(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(1).  Licensee filed a statutory appeal of the suspension in the trial court.

---

[1] Licensee has been precluded from filing a brief pursuant to this Court's earlier order.  Order, *Morgan v. Pa. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 633 C.D. 2024, Nov. 25, 2024).

At the hearing, Licensee appeared *pro se* and the Department appeared represented by counsel. Counsel for the Department introduced a copy of its records in the matter, certified by the Secretary of Transportation and attested by the Director of the Bureau of Driver Licensing.[2] Those records include a document identified as "Conviction Detail," described in the Director's attestation as follows:

> Record of conviction detail received by the Department electronically on 10/27/22, from the Administrative Office of Pennsylvania Courts (AOPC) for Citation No. B84W6VF2T1, date of violation 05/31/20, date of conviction 01/25/22.

(Ex. C-1, Reproduced R. "R.R." at 40a.) The Conviction Detail comprises a printout of a database record of a conviction and lists October 27, 2022 as the "Transmittal Date" and "AOPC Send Date." (*Id.* at 44a-45a.) No court or issuing authority is clearly identified[3] and the document is not certified, other than by the Secretary. (*Id.*

---

[2] The "certification and attestation" provided to the trial court contains a certification by Michael B. Carroll, Secretary of the Department of Transportation, that Diosdado Arroyo, Director of the Bureau of Driver Licensing, is legal custodian of the driver's license records of Licensee and "has legal custody of the original and microfilm records which are reproduced in the attached certification." (Dep't Certification and Attestation, Ex. C-1, Reproduced R. "R.R." at 40a.) Director Arroyo's attestation states that the documents listed are "full, true, and correct photostatic, microfiche, microfilm, facsimile, or printed copies of documents and/or electronically stored information of which I have legal custody" and that the copies conform to the requirements of Section 6109 of the Judicial Code, 42 Pa.C.S. § 6109. (*Id.*)

[3] The Conviction Detail does contain the notation "District Number: PH111," (R.R. at 44a), which the Department represents as referring to the Philadelphia Municipal Court. It also lists "Offense Place: E 676 I 676." (R.R. at 45a.) The Court takes judicial notice of the fact that the entirety of the portion of Interstate 676 in Pennsylvania is located in Philadelphia, with that portion extending from Interstate 76 near Fairmount Park in the west to the Benjamin Franklin Bridge in the east. *See Schmidt v. Allegheny Cnty.*, 154 A. 803 (Pa. 1931) (a court may take judicial notice of geographical facts and the location of a highway).

at 43a-44a.) A date at the top of the page suggests that the printout was made on March 21, 2024.

Counsel for the Department represented that she did not know anything about the citation, including where the offense occurred or the jurisdiction in which Licensee was convicted, although details contained led to an uncertain deduction by the trial court that the offense occurred in Philadelphia. Licensee himself denied having knowledge of the underlying conviction or having received a citation or notice of proceedings.[4]

The trial court sustained Licensee's appeal, and the Department appealed to this Court. The trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), finding that the Department had not met its *prima facie* burden of providing a certified record of conviction under Section 1532(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(1), and that in any event Licensee had provided clear and convincing evidence that no offense occurred and that he was not convicted of reckless driving. With regard to Section 1532(b)(1), the trial court explained that the Department bore the burden of production of a certified record of conviction and had not done so. Section 1532(b)(1) provides that "the [D]epartment shall suspend the operating privilege of any driver for six months upon **receiving a certified record of the driver's conviction** of . . . Section 3736[5] (relating to reckless driving)." 75 Pa.C.S. § 1532(b)(1) (emphasis supplied). The trial court explained as follows:

---

[4] During a confusing exchange at the hearing, Licensee represented that he had appealed the underlying conviction, but that appears to have been a reference to his appeal of the license suspension in Montgomery County.

[5] 75 Pa.C.S. § 3736.

Here, [the Department] provided a [c]ertification and [a]ttestation dated March 20, 2024 indicating receipt from the Administrative Office of Pennsylvania Courts (AOPC) of electronic records on October 27, 2022. However, the only supporting document as to a conviction was a non-certified, unsigned printout which did not include the jurisdiction, court term and number, court address or description of the offense. The space for listing where the incident allegedly took place is listed only as "E 676 I676." The space for the speed limit and the alleged speed traveled are blank. No explanation as to the basis of the offense of "reckless driving" is set forth. No information was listed as to where this printout was obtained. [The Department] only produced an unidentified photostatic copy from an unidentified source and jurisdiction showing a citation number and conviction date of January 25, 2022. The printout did not meet the requirements of an official record of a conviction supporting a suspension.

(Trial Ct. Op. at 5.)

On appeal, the Department raises two issues: first, whether the trial court erred in holding that the Conviction Detail failed to satisfy the Department's *prima facie* burden of proof;[6] and second, whether the trial court erred in finding that Licensee had rebutted the offering with clear and convincing evidence.

---

[6] The Department couches its statement of the issue in terms of the requirements of Sections 81.1 and 81.4 of the Department's regulations, 67 Pa.Code §§ 81.1 and 81.4, because those provisions were at issue in two cases cited by the trial court, *Thorpe v. Department of Transportation, Bureau of Driver Licensing*, 214 A.3d 334 (Pa. Cmwlth. 2019), and *Roche v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1706 C.D. 2019, filed September 14, 2021).

We agree with the Department that those provisions do not apply in this case. Section 81.1 states that it "more fully defines the requirements" of Sections 1534, 1771, 6104(a) and 6323 of the Vehicle Code, 75 Pa.C.S. §§ 1534, 1771, 6104(a) and 6323 (relating to notice of acceptance of accelerative rehabilitative disposition; court reports on nonpayment of judgments; administrative duties of the department; and reports by courts of record). Section 81.4 relates to Vehicle Code or motor vehicle felony convictions, 67 Pa.Code § 81.4. Nevertheless, even where **(Footnote continued on next page…)**

4

To begin, the Department asserts that the Conviction Detail complies with a number of provisions concerning reporting of convictions to the Department and certification of documents generally: Sections 1550(d)(2) and 6322 of the Vehicle Code, 75 Pa.C.S. §§ 1550(d)(2) (relating to judicial review) and 6322 (relating to reports by issuing authorities); Rule 471 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 471 (relating to special procedures in summary cases under the vehicle code); and Sections 6103 and 6109 of the Judicial Code, 42 Pa.C.S. §§ 6103 (relating to proof of official records) and 6109 (relating to photographic copies of business and public records).

However, the Conviction Detail is insufficient under some of these provisions because it is not certified. In addition to the requirement of Section 1532(b)(1) that the Department "receiv[e] a certified record of the driver's conviction," Section 6322(a)(1) of the Vehicle Code requires that a "statement" of final disposition sent to the Department must be certified by an issuing authority on a form prescribed and furnished by the Department as to its truth and correctness:

> [E]very issuing authority shall prepare a statement, ***upon forms prescribed and furnished by the [D]epartment***, of . . . final disposition for all cases on violations of any provisions of this title decided by the issuing authority . . . . ***The statement shall be certified by the issuing authority to be true and correct and shall be forwarded to the [D]epartment***[.][7]

---

a matter is not governed by those provisions, the Department is required to provide documentary evidence that meets its *prima facie* burden.

[7] While the Department argues that the Conviction Detail provides all information required for compliance with Section ***6322(a)(2)***, it makes no argument concerning compliance with the certification requirement of Section ***6322(a)(1)***.

75 Pa.C.S. § 6322(a)(1) (emphasis supplied). Section 6103(a) of the Judicial Code provides in relevant part that "[a]n official record kept within this Commonwealth by any court . . . when admissible for any purpose, may be evidenced by an official publication thereof or by *a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody*." 42 Pa.C.S. § 6103(a) (emphasis supplied).[8]

More helpful to the Department's case is Section 1550(d)(2) of the Vehicle Code, which provides in pertinent part as follows:

> [I]f the [D]epartment *receives information from a court by means of electronic transmission . . . , it may certify that it has received the information* by means of electronic transmission, and that certification *shall be prima facie proof of the adjudication and facts contained in such an electronic transmission*.

75 Pa.C.S. § 1550(d)(2) (emphasis supplied). Pennsylvania Rule of Criminal Procedure 471(A) provides for electronic transmission of reports of the disposition of summary cases and requires the issuing authority to report to the Department "the disposition of all summary cases arising under the Vehicle Code. The report shall be sent by electronic transmission in the form prescribed by the Department."

---

[8] We have held that Section 6103(a) controls what constitutes an official record sufficient to establish the fact of a conviction, *Rawson v. Department of Transportation, Bureau of Driver Licensing*, 99 A.3d 143, 151 (Pa. Cmwlth. 2014), and that an uncertified copy of a court record is not sufficient to establish such fact, *Trybend v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 34 C.D. 2019, filed November 8, 2019), slip op. at 8. Under Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported memorandum decision of this Court, issued after January 15, 2008, for its persuasive value. 210 Pa. Code § 69.414(a).

Pa.R.Crim.P. 471(A). Under paragraphs (B) and (C) of Rule 471, a signed, certified copy need only be provided upon request.[9]

Nevertheless, even under the relaxed standard for certifications of electronic transmissions of conviction reports provided in Section 1550(d)(2) and Rule 471, receipt "from a court" would seem, implicitly, to require that the court from which the reports originated be clearly identified. Despite the Department's unqualified representation that the certified record originates with the Philadelphia Municipal Court Traffic Division, certification and/or attestation of this fact is not contained in the certification and attestation. It is, at best, deducible from a stray reference to a "district number" prefixed by the letters "PH."

Counsel for the Department "[did not] know anything about citations or traffic citations or anything" and when asked by the trial court how Licensee

---

[9] Rule 471(B) and (C) and the comment thereto provide, in pertinent part, as follows:

> (B) The issuing authority shall print out and sign a copy of the report, which shall include the date and time of the transmission, and a certification as to the adjudication, the sentence, if any, and the final disposition. The copy shall be made part of the record.
>
> (C) Upon the request of the defendant, the attorney for the Commonwealth, or any other government agency, the issuing authority's office shall provide a certified copy of the report required by this rule.
>
> . . . .
>
> Comment: . . . .
>
> Under paragraph (C), the issuing authority is required to provide a certified copy of the report, but only if the request is made within the period that the issuing authority is required to retain the records.

Pa.R.Crim.P. 471(B) and (C) and Comment.

might appeal the underlying conviction, stated that "I think you can file this on the second floor" of "this building that we're in" (i.e., the Montgomery County Courthouse), and only later stated "I don't believe the citation is actually from Montgomery County." (Notes of Testimony "N.T." at 13-14, R.R. at 25a-26a.) Counsel "tried looking up where the citation was given" but was "not sure" and "couldn't find any information." (*Id.* at 14, R.R. at 24a.) The trial court, in attempting to advise Licensee of how he might appeal the underlying conviction, stated as follows:

> [I]f you can decipher this, it says: District [N]umber, PH111. I have to believe it's them, that makes sense, but I don't know for sure that that's Philadelphia. Maybe you have to go into Philadelphia and do this. I don't know. So going to the second floor here [at the Montgomery County Courthouse] may or may not help you. There's a citation number, and possibly you can figure out which issuing authority uses citation numbers of this nature. You'll have to track down where it was issued or which issuing authority. And then wherever that is, whatever county, you're going to have to try to -- the untimely appeal is going to appeal *nunc pro tunc*.

(*Id.* at 17-18, R.R. at 29a-30a.)

Under these circumstances, we cannot find that the trial court erred as a matter of law in holding that the Conviction Detail was insufficient as a report of a court. At a bare minimum, a certification of a transmission that the Department represents as originating from "a court" should readily identify which court. In this case, as the trial court found, the Department did not meet its *prima facie* burden.[10]

---

[10] As we state in n.6 *supra*, the Department is correct that the trial court misapplied Sections 81.1 and 81.4 of its regulations. Nevertheless, we apply the "right for any reason" doctrine in cases where the undisputed facts support a legal conclusion which, while different from the lower **(Footnote continued on next page…)**

8

In light of the foregoing, we affirm.

———————————————————
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

court's legal conclusion, produces the same outcome. *Appeal of Clarke*, 316 A.3d 1095, 1104 n.9 (Pa. Cmwlth. 2024).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Robert Morgan      :
                                       :

v.                :    No. 633 C.D. 2024
                                       :

Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,     :
                   Appellant  :

## **O R D E R**

AND NOW, this 14th day of August, 2025, the order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita