J-S23036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMEEL SHABAZZ, | : | |
| | : | |
| Appellant | : | No. 2381 EDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s): CP-46-SA-0000555-2016

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　　**FILED May 19, 2017**

Jameel Shabazz ("Shabazz") appeals from the judgment of sentence entered following his conviction of the summary offense of driving while operating privilege is suspended or revoked.[1] We affirm.

Shortly after midnight on November 25, 2015, Limerick Township Police Sergeant Matthew Daywalt ("Sergeant Daywalt") observed a large sport utility vehicle cross the double-yellow lines into oncoming traffic, five separate times, on Swamp Pike. Sergeant Daywalt also observed the vehicle twice cross the fog line. When Sergeant Daywalt stopped the vehicle, the driver, Shabazz, admitted that his driver's license had been suspended. Sergeant Daywalt returned to his vehicle, and confirmed the suspension of Shabazz's driver's license.

---

[1] **See** 75 Pa.C.S.A. § 1543(a).

Following a bench trial, the trial court found Shabazz guilty of the aforementioned summary offense, and imposed a $200.00 fine. Thereafter, Shabazz filed the instant timely appeal.

Shabazz presents the following claims for our review:

1. WHETHER THE TRIAL COURT ERRED IN ADMITTING [SHABAZZ'S] DRIVING RECORD INTO EVIDENCE[,] OVER HIS OBJECTION[,] AND IN ALLOWING [SERGEANT DAYWALT] TO TESTIFY FROM THE RECORD[,] OVER [SHABAZZ'S] OBJECTION[,] WHERE THE RECORD WAS NOT CERTIFIED AND CONSTITUTED INADMISSIBLE HEARSAY[?]

2. WHETHER THE TRIAL COURT ERRED IN FAILING TO SUSTAIN [SHABAZZ'S] SUMMARY APPEAL DUE TO THE LACK OF SUFFICIENCY OF THE EVIDENCE[,] WHERE THE COMMONWEALTH HAD FAILED TO MEET ITS BURDEN BY RELYING UPON A DRIVING RECORD WHICH WAS NOT CERTIFIED[?]

Brief for Appellant at 4.

Shabazz first claims that the trial court improperly admitted his driving record at trial, and allowed Sergeant Daywalt to testify regarding the contents of the driving record. *Id.* at 8. Shabazz contends that the Commonwealth had presented only a faxed copy of his driving record at trial, which was not duly certified. *Id.* Shabazz argues that because the driving record was a faxed copy of his record, and not certified, it constituted inadmissible hearsay. *Id.* Shabazz acknowledges that, pursuant to 42 Pa.C.S.A. § 6104, a public record may be admissible as an exception to the rule against hearsay. Brief for Appellant at 9. However, Shabazz contends that this hearsay exception would apply "only where a copy of a

- 2 -

governmental record is authenticated by being attested to by the custodian of documents and contains the seal of the officer." *Id.* at 10-11.  Shabazz asserts that Sergeant Daywalt read from the uncertified facsimile, over his objection based upon the rule against hearsay.  *Id.* at 12.  Finally, Shabazz argues that "even if it had been proper for a police officer to testify from a document which was improperly admitted into evidence, it would nevertheless be a violation of Pennsylvania's Best Evidence Rule." *Id.*

The following standard governs our review of the admissibility of evidence:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion….
>
> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Borovichka*, 18 A.3d 1242, 1253 (Pa. Super. 2011) (quoting *Commonwealth v. Levanduski*, 907 A.2d 3, 13-14 (Pa. Super. 2006) (*en banc*) (internal citations omitted)).

The Pennsylvania Rules of Evidence provide that hearsay "is not admissible except as provided by these rules, … or by statute."  Pa.R.E. 802. Pennsylvania Rule of Evidence 803(8) recognizes an exception to the rule against hearsay for "public records," if

**(A)** the record describes the facts of the action taken or matter observed;

**(B)** the recording of this action or matter observed was an official public duty; and

**(C)** the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(8). The Comment to Rule 803(8) states that the rule "reflects the hearsay exception for public records provided in 42 Pa.C.S.[A.] § 6104." Pa.R.E. 803(8), cmt.

Section 6104 of the Judicial Code provides as follows:

**(a) General rule.—**A copy of a record of governmental action or inaction **authenticated as provided in section 6103** (relating to proof of official records) shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted.

**(b) Existence of facts.—**A copy of a record **authenticated as provided in section 6103** disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

42 Pa.C.S.A. § 6104 (emphasis added).

Section 6103 provides the method for introducing official records into evidence, without the necessity of having a records custodian appear in

- 4 -

court to authenticate the documents.[2]  Section 6103 provides, in relevant part, as follows:

> **(a)**  *General rule.*—An official record kept within this Commonwealth by any court, magisterial district judge or other government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by that officer's deputy, and accompanied by a certificate that the officer has the custody.  The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, **authenticated by the seal of that office** ….

42 Pa.C.S.A. § 6103(a) (emphasis added).

In interpreting sections 6104 and 6103, we are cognizant that, when considering statutory language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage.  1 Pa.C.S.A. § 1903(a).  Section 1922 of the Statutory Construction Act prohibits courts from interpreting statutes in a way that makes words used in the statute meaningless or mere surplusage.  1 Pa.C.S.A. § 1922.

Consequently, to be admissible as a public record under section 6104, (1) the agency officer having legal custody of Shabazz's driving record (or his/her deputy) must attest to the official copy; (2) a certificate verifying

---

[2] *See Thorne v. DOT, Bureau of Driver Licensing*, 727 A.2d 1205, 1207 (Pa. Cmwlth. 1999) (stating that "[t]he legislative purpose behind the enactment of section 6103 is to allow a method by which official records may be introduced into evidence without the need for bringing the records custodian into court to authenticate the records.").  Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority.  *Commonwealth v. Ortega*, 995 A.2d 879, 885 (Pa. Super. 2010).

that the officer has custody of the original driving record must accompany the faxed copy of the driving record; and (3) the public officer issuing the certificate must authenticate the certificate *with the seal of that official's office*. *See* 42 Pa.C.S.A. §§ 6103(a), 6104.

Here, the faxed copy of Shabazz's driving record included an attestation by Kara Templeton ("Templeton"), the Director of the Bureau of Driver Licensing for the Secretary of Transportation. Commonwealth Exhibit C-1. The facsimile also included a certification that Templeton is the legal custodian of the records, and that she has custody of the original records, "which are reproduced in the attached certification." *Id.* The certification concluded with the following statement: "In testimony whereof, I have hereunto set my hand and seal of this Department the day and year aforesaid." *Id.* This statement is followed by the signature of the Secretary of Transportation and the word "SEAL." *Id.* However, a blank space follows the word "SEAL." *Id.*

Upon review, we conclude that the faxed copy of Shabazz's driving record was not "authenticated by the seal of that office," as required by 42 Pa.C.S.A. § 6103(a). There is nothing of record indicating that a seal appeared beneath the written word "SEAL" on the certification. *See* Commonwealth Exhibit C-1. We cannot ignore section 6103(a)'s requirement of a seal, as such an interpretation would improperly render the term meaningless. *See* 1 Pa.C.S.A. § 1922 (stating that the court cannot

construe a statute in a way that makes words used in the statute meaningless or mere surplusage).

At trial, Shabazz objected to the admission of his driving record without the seal. N.T., 7/21/16, at 7. Consequently, we conclude that, absent the seal required by 42 Pa.C.S.A. § 6103(a), the faxed copy of Shabazz's driving record was not admissible as a "public record." *See* 42 Pa.C.S.A. §§ 6103, 6104.

The Commonwealth posits that Shabazz's driving record is nevertheless admissible pursuant to the public record exception to the rule against hearsay. Brief for the Commonwealth at 9-10. The Commonwealth asserts that, as required by Pa.R.E. 803, Shabazz "failed to show that the source of the information or circumstances indicated a lack of trustworthiness." *Id.*

Rule of Evidence 803 provides that

[t]he following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

…

**(6)** Records of a Regularly Conducted Activity. A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:

**(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;

**(B)** the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

- 7 -

**(C)** making the record was a regular practice of that activity;

**(D)** **all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification;** and

**(E)** the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803 (emphasis added).

Rule of Evidence 902(11) provides that "Certified Domestic Records of a Regularly Conducted Activity" are self-authenticating, if the copy "meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76." Pa.R.E. 902(11).[3]

Our review discloses that the certification attached to the driving record states that the document reflects an accurate summary of all records in Shabazz's name. Commonwealth Exhibit C-1. The certification additionally states that the Director of the Bureau of Driver Licensing is the legal custodian of the driving records, "and has legal custody of the original, facsimile, or microfiche records which are reproduced in the attached certification." *Id.* The certification, however, does not include any language regarding the requirements of Pa.R.E. 803(6)(A)-(C). As a result, the

---

[3] Pa.R.E. 902(12) is not applicable here, as it applies to "Certified Foreign Records of a Regularly Conducted Activity." Pa.R.E. 902(12).

document is not self-authenticating pursuant to Pa.R.E. 902(11). Consequently, the trial court improperly admitted the faxed copy of Shabazz's driving record at trial. Our analysis, however, does not conclude at this point.

> An error will be deemed harmless if
>
> (1) the error did not prejudice the defendant or the prejudice was *de minimus;* or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence . . . was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Markman***, 916 A.2d 586, 603 (Pa. 2007).

Here, the record reflects that Shabazz's driving record was cumulative of other properly admitted evidence. At trial, Sergeant Daywalt testified that, upon stopping Shabazz's vehicle, Shabazz stated that his driver's license was suspended "because he failed to respond to a violation." N.T., 7/21/16. Thus, the fact of Shabazz's suspended license was established by the testimony of Sergeant Daywalt. ***See Commonwealth v. Herb***, 852 A.2d 356, 361 (Pa. Super. 2004) (concluding that circumstantial evidence was sufficient to establish a violation of 75 Pa.C.S.A. § 1543(b) (driving while operating privilege is suspended or revoked-DUI related), where defendant admitted that his license was suspended (DUI related) and that he drove the vehicle). Because Shabazz's faxed copy of his driving record

provided cumulative evidence of his suspended license, we conclude that the admission of the copy constituted harmless error.

Shabazz next challenges the sufficiency of the evidence underlying his conviction of driving while operating privilege is suspended or revoked. Brief for Appellant at 14. Shabazz argues that the Commonwealth failed to establish that he had notice of the suspension of his operating privilege. *Id.* Shabazz also contends that, while Sergeant Daywalt's testimony "may have served to establish the element of actual notice, the Commonwealth did not establish the fact of suspension even by a preponderance of the evidence, let alone beyond a reasonable doubt." *Id.* (footnote omitted).

In reviewing a challenge to the sufficiency of the evidence,

[t]he standard we apply … is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact[,] while passing upon the credibility of witnesses[,] and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-51 (Pa. Super. 2013) (citation omitted). "This standard of deference is not altered in cases involving a bench trial, because the province of a trial judge sitting without a jury is to do what a jury is required to do." *Commonwealth v. Lee*, 956 A.2d 1024, 1027 (Pa. Super. 2008) (internal quotation marks and citation omitted).

Pursuant to section 1543(a) of the Vehicle Code, "[e]xcept as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense." 75 Pa.C.S.A. § 1543(a).

When viewed in a light most favorable to the Commonwealth, the evidence established that on November 25, 2015, Sergeant Daywalt stopped Shabazz's vehicle, while he was driving on Swamp Pike in Limerick Township. N.T., 7/21/16, at 5. When Sergeant Daywalt approached the vehicle, Shabazz stated that his operating privilege was suspended "because he failed to respond to a violation." *Id.* We conclude that this evidence was sufficient to sustain Shabazz's conviction of driving while his operating privilege was suspended or revoked. *See Herb*, 852 A.2d at 361. Accordingly, we affirm Shabazz's judgment of sentence.

Judgment of sentence affirmed.

J-S23036-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017